UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRES CORTES ARANGO, | CASE NO. 2:26-cv-02203-LK |
| Petitioners, | ORDER SEVERING PETITIONS |
| v. | |
| JULIO HERNANDEZ et al., | |
| Respondents. | |

This matter comes before the Court on its July 21, 2026 Order to Show Cause why the Court should not sever the petitions of Petitioners Heidy Alfaro Siguenza, Andres Cortes Arango, and Johanny Vasquez de Jesus, who have filed a joint petition for Writ of Habeas Corpus without identifying any authority permitting the Court to entertain such a joint petition. Dkt. Nos. 1, 12. As the Court explained in its Order to Show Cause, Dkt. No. 12 at 1–2, this Court agrees with numerous courts around the country that generally, multiple petitioners cannot join a single habeas petition. *Abarca v. Chestnut*, No. 1:26-CV-03630-DAD-SCR (HC), 2026 WL 2030173, at *1 (E.D. Cal. July 14, 2026) ("[P]etitioners have not identified any authority in which petitioners who were arrested at different times in different places could join in a single petition."); *Buriev v.*

ORDER SEVERING PETITIONS - 1

*Warden, Geo, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 1906626, at *1 (S.D. Fla. Mar. 18, 2025) ("[T]wo petitioners cannot join a single habeas petition."); *Henry v. Barr*, No. 3:20-cv-01114-C (BT), 2020 WL 6877703, at *1 (N.D. Tex. Oct. 30, 2020) ("[A]llowing multiple petitioners to proceed on a single petition . . . presents a multitude of difficulties[.]" (citation modified)), *report and recommendation adopted*, 2020 WL 6873604 (N.D. Tex. Nov. 23, 2020); *Yancey v. Corbett*, No. 07-cv-1251, 2007 WL 1149884, at *1 (E.D. Pa. Apr. 12, 2007) ("There is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief[.]"). Accordingly, the Court ordered Petitioners to show cause why their petitions should not be severed or dismissed for improper joinder. Dkt. No. 12 at 2.

Petitioners' response to the Order to Show Cause, Dkt. No. 13, does not convince the Court that joinder of the three unrelated petitions is appropriate. Petitioners argue that they "satisfy the requirements for permissive joinder" under Federal Rule of Civil Procedure 20 "because all three challenge the same governmental conduct—re-detention without notice or a pre-deprivation hearing—under a single legal theory, and seek the same relief." *Id.* at 1. Under Rule 20, people "may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Here, Petitioners' claims arise out of different occurrences: each Petitioner came to the United States at a different time, they allegedly committed different violations that led to their re-detention, and they were re-detained at different times as reflected in their distinct documents. *See generally* Dkt. Nos. 2–4, 8, 9-1–9-9. Unrelated petitioners lack any "cognizable interest in the illegal restraint of another petitioner," *Rubinstein v. United States*, No. 23-12685, 2024 WL 37931, at *1 (E.D. Mich. Jan. 3, 2024), and since each petitioner is challenging his or her *own* detention, "the facts related to each petitioner will be different, and the

ORDER SEVERING PETITIONS - 2

procedural limitations on habeas corpus petitions will apply differently to each petitioner based on those facts, requiring independent examination for each litigant just the same as if . . . separate actions had been filed," *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *2 (D. Minn. Feb. 5, 2019) (citation modified), *report and recommendation adopted*, 2019 WL 858671 (D. Minn. Feb. 22, 2019); *cf. Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997) ("Petitions for a writ of habeas corpus are by nature an individual action."). For instance, although Petitioners contend that "their claims turn on common legal questions," Dkt. No. 13 at 4, and their briefing asserts that the "statutory authority governing their detention is 8 U.S.C. § 1226(a)," Dkt. No. 10 at 2 n.1, it appears that Petitioner Alfaro Siguenza may be detained pursuant to 8 U.S.C. § 1225(b), which applies to "applicants for admission" to the United States. The fact that she is likely subject to a different statutory provision underscores the inappropriateness of grouping all three Petitioners together.

Furthermore, joint petitions "add nothing to judicial efficiency," *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002); instead, they do the opposite. The district records only one case at the typical habeas "weight" level, when in reality the judge is handling multiple cases in one. This, in turn, impacts the ability of the district to adequately staff and otherwise support its caseload. The Judicial Conference uses a district's weighted-filings number as "the primary factor" in determining whether to ask Congress to create more judgeships in a district, and allocates judicial resources "such as law clerk positions, magistrate judgeships, and visiting judgeships, to districts with high numbers of weighted filings." Parth Sagdeo, *Measuring the Work of the Federal District Courts*, 72 Buff. L. Rev. 955, 959 (2025). Permitting joint petitions masks the volume of habeas petitions and undercuts the district's ability to obtain needed resources to manage its caseload.

Accordingly, the Court ORDERS that this case shall be divided into three civil actions seeking relief pursuant to 28 U.S.C. § 2241. Case number 2:26-cv-02203-LK shall refer only to

Petitioner Andres Cortes Arango, who comes first alphabetically by first name. The Court severs the claims of Petitioners Heidy Alfaro Siguenza and Johanny Vasquez De Jesus.

The Clerk of this Court shall open two new civil actions with two new case numbers, one for Heidy Alfaro Siguenza and one for Johanny Vasquez De Jesus; the two new civil actions shall be randomly assigned. The Clerk shall add the current Petition, Dkt. No. 1, as Dkt. No. 1 in the new civil actions, and this Order shall be Dkt. No. 2 in those new civil actions. The Clerk shall also add Heidy Alfaro Siguenza's declaration, Dkt. No. 2, to her new case, and Johanny Vasquez De Jesus' declaration, Dkt. No. 4, to his new case. Alfaro Siguenza and Vasquez De Jesus shall be required to pay the filing fee or file motions to proceed in forma pauperis in their new cases.

Dated this 29th day of July, 2026.

Lauren King
United States District Judge

ORDER SEVERING PETITIONS - 4